Matthew J. Morrison (Utah Bar No. 14562)
Morrison Law Office
1887 N 270 E Orem, Utah, 94057
801-845-2581
Matt@Oremlawoffice.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| BRITTANY LEONARD, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **Case No. 2:25-cv-557** |
| vs. | **JURY TRIAL DEMANDED** |
| LAZER QUICK LOAN NOW LLC | |
| *Defendant*. | |

**CLASS ACTION COMPLAINT**

1. Plaintiff, Brittany Leonard ("Plaintiff"), brings this action against Defendant, Lazer Quick Loan Now LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

2. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is an online retailer of eyeglasses and sunglasses that ships its products nationwide and internationally.

4. To promote its goods and services, Defendant engages in aggressive text message solicitations to consumers with no regards for consumers' rights under the TCPA, even after customers request Defendant to stop texting them.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District like Plaintiff.

8. Venue is proper in the United States District Court for the District of Utah as Plaintiff resides in this District.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Salt Lake City, Utah.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole suscriber of the residential telephone number 616-***-4427 (the "4427 Number") that received Defendant's telephonic sales calls.

11. Defendant is a Texas company.

12. Defendant directs, markets, and provides its business activities throughout United States and the State of Utah.

## FACTS

13. Defendant has sent multiple telemarketing text messages to Plaintiff's cellular telephone number ending in 4427, after Plaintiff had asked Defendant to stop, as depicted below:




28932
Sun, Dec 22 at 6:07 AM
LAZER: Rise Above Financial Challenges and Get Up to $4911 Today! There's No Need to Struggle.
Apply Here - https://lzre1.co/7dcPDAi
Reply stop to end
Mon, Dec 23 at 6:07 AM
LAZER: Take a Step Towards Financial Stability. Claim Up to $4856 Cash Now!
Click Here - https://lzre1.co/VYVOy4T
Reply stop to end
Tue, Dec 24 at 6:07 AM
LAZER: Swift and Simple Financial Assistance. Get Up to $4997 NOW!
Apply Today - https://lzre1.co/C6AeTyP
Reply stop to end
28932
Tue, Dec 24 at 6:07 AM
LAZER: Swift and Simple Financial Assistance. Get Up to $4997 NOW!
Apply Today - https://lzre1.co/C6AeTyP
Reply stop to end
Wed, Dec 25 at 6:06 AM
LAZER: Up to $4875 Could Be Yours Now! Unlock Your Share of Financial Support.
Complete Application - https://lzre1.co/wJcWizo
Reply stop to end
Thu, Dec 26 at 6:06 AM
LAZER: Gain Back Your Financial Independence Today. Claim Up to $4810 in Funds Now!
View Here - https://lzre1.co/PWRZNnD
Reply stop to end
Thu, Dec 26 at 9:22 AM


28932
LAZER: Gain Back Your Financial Independence Today. Claim Up to $4810 in Funds Now!
View Here - https://lzre1.co/PWRZNnD
Reply stop to end
Stop
LazerLoan: You are now opted out. This is the last message you will receive.
LAZER: Welcome to LAZER! View latest offer here: https://lzre1.co/lxxoKu3 Msg & Data rates may apply. Msg Freq Varies. Reply Help for Help, Stop to end
Stop
LazerLoan: You are now opted out. This is the last message you will
28932
LAZER: Rise Above Financial Challenges and Get Up to $4911 Today! There's No Need to Struggle.
Apply Here - https://lzre1.co/cBBuzJl
Reply stop to end
LAZER: Take a Step Towards Financial Stability. Claim Up to $4856 Cash Now!
Click Here - https://lzre1.co/5bBLM2r
Reply stop to end
LAZER: Swift and Simple Financial Assistance. Get Up to $4997 NOW!
Apply Today - https://lzre1.co/kpuKKXl
Reply stop to end
28932
5bBLM2r
Reply stop to end
LAZER: Swift and Simple Financial Assistance. Get Up to $4997 NOW!
Apply Today - https://lzre1.co/kpuKKXl
Reply stop to end
LAZER: Up to $4875 Could Be Yours Now! Unlock Your Share of Financial Support.
Complete Application - https://lzre1.co/G2qcSDy
Reply stop to end
Stop
LazerLoan: You are now opted out. This is the last message you will receive.

14. As shown above, Plaintiff wrote stop to Defendant on October 13, 2024 and November 21, 2024, December 26, 2024, January 28, 2025, and March 15, 2025. However, Defendant has continued text messaging Plaintiff on November 19, 2024, November 21, 2024, December 20, 2024, December 21, 2024, December 22, 2024, December 23, 2024, December 24, 2024, December 25, 2024, December 26, 2024, January 28, 2025, March 10, 2025, March 11, 2025, March 12, 2025, March 13, 2025, March 14, 2025 and March 15, 2025.

15. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's personal loan products and services.

16. Further, as demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services – in this case personal loan products and services.

17. Within moments after Plaintiff sent the opt-out request, Defendant responded with an automated text message, acknowledging Plaintiff's request to opt-out from further communications and confirming Plaintiff had been opted-out.

18. Defendant ignored Plaintiff's opt-out request and sent Plaintiff more than two (2) text messages afterwards.

19. Given Defendant's use of an automated text messaging platform to solicit Plaintiff, as reflected by the auto-reply opt-out confirmations Plaintiff received, Defendant had the ability to immediately opt Plaintiff out of further communications but chose not to do so.

20. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

21. The above text messages were physically sent by Defendant directly to Plaintiff.

22. As demonstrated by the above screenshots, Defendant does not reasonable honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant not to contact him anymore, but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

23. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

24. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "stop" opt-out instructions.

25. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

26. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

27. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages to Plaintiff.

28. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

29. Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

30. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

31. Defendant sent more than two solicitations after Plaintiff' initial opt-out request and more than 30 days after Plaintiff's "Stop" instruction.

32. To the extent that Defendant had consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded with a "Stop" text.

33. To the extent that Defendant had an established business relationship with Plaintiff, that relationship was terminated when Plaintiff responded with a "Stop" text.

34. Plaintiff is the subscriber and sole user of the 4427 Number and is financially responsible for phone service to the 4427 Number.

35. Plaintiff has registered her 4427 Number with the national do-not-call registry in February 3, 2008.

36. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

37. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

39. Plaintiff brings this case on behalf of the Classes defined as follows:

**<u>INTERNAL DO NOT CALL CLASS</u>: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages.**

**<u>DNC Class</u>: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's goods, products, and/or eye exam and related services; (4) to said person's residential cellular telephone number; (5) after making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to Defendant's text message(s).**

40. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

41. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**<u>NUMEROSITY</u>**

42. Upon information and belief, Defendant has placed automated calls and prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

44. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

1. Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;
2. Whether Defendant continued to send text message solicitations after opt-out requests;
3. Whether Defendants maintain an internal do-not-call list and instruct their employees on how to use the list; and
4. Whether Defendant is liable for damages, and the amount of such damages.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>Typicality</u>**

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**<u>Protecting the Interests of the Class Members</u>**

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**<u>Proceeding Via Class Action is Superior and Advisable</u>**

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote,

and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

50. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests*. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's

> do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

52. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

53. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

54. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

55. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

56. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

57. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

58. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

59. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

**COUNT II**

**<u>Violations of 47 U.S.C. § 227(c) and 64.1200(c)</u>**

**(On Behalf of Plaintiff and the DNC Class)**

60. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

61. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

63. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

66. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made in violation of the TCPA, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: July 14, 2025

Respectfully submitted,

*/s/Matthew J Morrison*
Matthew J Morrison (14562)
Morrison Law Office
1887 N 270 E Orem, Utah, 94057
801-845-2581
Matt@Oremlawoffice.com

HIRALDO P.A.
*By: /s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff*